IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV63-1-V

STEVE ALLEN STEELMAN,        )
                             )
        Petitioner,          )
                             )
    v.                       )        **O R D E R**
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent.          )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Motion for Relief From Judgment, filed June 4, 2007.

On December 1, 1994, Petitioner signed a Plea Agreement in which he pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine. On April 11, 1995, this Court sentenced Petitioner to 292 months imprisonment. Petitioner filed a direct appeal with the United States Court of Appeals for the Fourth Circuit. In his appeal, Petitioner alleged that the district court erred in its finding that he was responsible for between five and fifteen kilograms of cocaine and that the district court erroneously applied a four-point enhancement for his alleged leadership role in the conspiracy. On September 23, 1996, the Fourth Circuit affirmed Petitioner's sentence. United States v. Steelman, 97 F.3d 1450 (4th Cir. 1996). On June 20, 1997, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging numerous ineffective assistance of counsel claims. (5:97CV107-1-V). On April 28, 2000, this Court dismissed Petitioner's Motion to Vacate. On December 19, 2000, the Fourth

Circuit affirmed this Court's dismissal of Petitioner's Motion to Vacate. United States v. Steelman, 238 F.3d 417 (4th Cir. 2000). On July 16, 2001, the Fourth Circuit denied Petitioner's motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application. On November 14, 2005, the Fourth Circuit again denied Petitioner's motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application.

Petitioner has now filed a "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)" asking the Court to void his criminal Judgment. In his motion he argues that this Court lacked subject matter jurisdiction to convict him and that he should be immediately released from his criminal judgment. More specifically, Petitioner argues that "H.R. 3190 not only failed to pass one or both Houses of Congress, but that the legislative process continued, even after Congress was adjourned sine die by legislative officers pursuant to the provisions of House Resolution 219." (Pet. Mot. to Vac. at p. 7). Petitioner argues that these actions render 18 U.S.C. § 3231 unconstitutional and therefore void. As such, he argues that this Court lacked subject matter jurisdiction to convict him.

In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a

proper motion to reconsider. Here Petitioner is arguing that this Court lacked subject matter jurisdiction when he was convicted of conspiracy to possess with intent to distribute and distribution of a quantity of cocaine. Such an argument is a direct attack on his criminal conviction and is not based upon a defect in the collateral review process. Consequently, Petitioner's motion must be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner, anticipating such an action by the Court, states that the present motion is a Rule 60(b)(4) motion and should not be construed as a motion pursuant to 28 U.S.C. §§ 2255 or 2244. Petitioner cites the Supreme Court case of Castro v. United States, 540 U.S. 375 (2003), to support his assertion that a district court may not recharacterize a filing without first providing a litigant with notice and a chance to withdraw the filing. The Supreme Court in Catsro, however, only limited a lower court's recharacterization powers when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. Id. at 383. As this motion would not be Petitioner's first § 2255 motion, this Court may construe it as a § 2255 motion without providing Petitioner notice.

Under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because Petitioner has already filed a motion to vacate with this Court (5:97CV107), Petitioner must first certify his motion with the Fourth Circuit Court of Appeals before he can file his successive motion in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment which is construed as a Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

Signed: July 12, 2007

Richard L. Voorhees
United States District Judge