UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:94-cr-00011-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| (1) STEVE ALLEN STEELMAN, | )   ORDER |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence (Doc. No. 174). Also before the Court are Defendant's pro se Motion to Reduce Sentence (Doc. No. 170) and pro se Motion for Resentencing (Doc. No. 171).

I.   BACKGROUND

On December 6, 1994, the defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846. On April 11, 1995, the Court sentenced him to 292 months' imprisonment, the low end of his U.S. Sentencing Guidelines ("U.S.S.G.") range, and five years' supervised release. See (Docs. Nos. 87, 133). The defendant appealed the Court's finding that he was responsible for between five and fifteen kilograms of cocaine and the Court's application of the four-point leadership role enhancement. The U.S. Court of Appeals for the Fourth Circuit affirmed the Court's judgment and sentence. (Docs. Nos. 105, 122). The defendant then filed a motion pursuant to 28 U.S.C. § 2255, which the Court denied. (Docs. Nos. 107, 120). The Fourth Circuit dismissed the defendant's appeal from that denial. (Docs. Nos. 121, 124). The defendant has since filed a few other post-conviction motions, which the Court has denied.

1

The defendant was released from federal prison on July 31, 2014 and began his period of supervised release. (Doc. No. 158, p. 1). On February 1, 2018, the Court modified the defendant's conditions of supervised release. (Doc. No. 156). On March 18, 2019, the U.S. Probation Office submitted a petition alleging that the defendant had violated the conditions of his supervised release by: (1) possessing a firearm while a felon; (2) driving while impaired; (3) driving in a reckless manner; (4) obstructing a law enforcement officer; and (5) testing positive for methamphetamine. (Doc. No. 158). The U.S. Probation Office subsequently amended the petition to add a sixth violation, possessing five rounds of ammunition while a felon. (Doc. No. 168). On September 16, 2019, the defendant admitted to the sixth violation, possessing ammunition while a felon, and the Court revoked his supervised release and sentenced him to a year and a day in prison, followed by a year of supervised release. (Doc. No. 169). He is currently incarcerated at Butner Low FCI in Butner, North Carolina, and is scheduled to be released on September 11, 2020. See https://www.bop.gov/inmateloc/ Reg. No. 11214-058 (last accessed June 15, 2020).

On April 24, 2020, the defendant, pro se, filed a letter motion with this Court requesting "early release for home confinement…[to] serve out the rest of [his] sentence in the safety of [his] home" because of COVID-19. (Doc. No. 174, p. 2). The defendant argues that he is "susceptible to [COVID-19] based on the poor conditions and the inability to handle this crisis based on CDC criteria." Id. at 1. He does not put forth any specific medical issues that would make him particularly vulnerable to becoming seriously ill from COVID. Prior to this motion, Defendant filed a pro se Motion to Reduce Sentence (Doc. No. 170) and pro se Motion for Resentencing (Doc. No. 171). After ordering the Government to respond to these motions as well, the Court stated it would defer ruling on them until all motions were ripe for review. (Doc. No. 177). The

2

Government has now filed Responses in Opposition to Defendant's Motions, and the Motions are ripe for review. (Docs. Nos. 175, 176, 178.)

## II.  DEFENDANT'S MOTION TO REDUCE SENTENCE

In his Motion to Reduce Sentence (Doc. No. 170), Defendant claims he is entitled to 170 days of good time under Section 102(b) of the First Step Act. (Doc. No. 170, p. 1). Defendant further contends this would provide for his immediate release from prison. Id. at 2. The Government argues that the Bureau of Prisons ("BOP") correctly calculated his good time behavior in accordance with the First Step Act; that he has not pursued or exhausted administrative remedies; and that the Court lacks jurisdiction over the matter. (Doc. No. 175, p. 1).

Section 102(b) of the First Step Act amended 18 U.S.C. § 3624(b) to allow prisoners to receive "up to 54 days for each year of the prisoner's sentence imposed by the court." First Step Act, P.L. 115-391, 132 Stat. 5194, § 102(b); see also 18 U.S.C. § 3624(b). As part of this statutory scheme, the BOP makes the determination as to whether or not a prisoner receives this credit—not the district court. 18 U.S.C. § 3624(b)(1). Notably, a court makes no determinations as to this inquiry, nor does being awarded such credit modify the sentence imposed by the court. Id.; see also Scott v. Schuylkill FCI, 298 F. App'x 202, 204 (3d Cir. 2008) ("Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself."). Thus, the provisions of 18 U.S.C. § 3582(c) cannot apply, as those relate only to a court's modification of a sentence—which is entirely different than the BOP exercising its discretion in awarding credits. See generally 18 U.S.C. §§ 3582(c), 3624(b); see also United States v. Sargent, No. 4:15-cr-20767, 2020 WL 2085088, at *2 (E.D. Mich. Apr. 30, 2020) ("[I]t falls to the BOP, rather than the sentencing court, to recalculate good-conduct credits under the First Step Act.");

3

United States v. Cruz, No. 1:05-cr-00101-SEB-TAB, 2020 WL 1915255, at *2 (S.D. Ind. Apr. 17, 2020) ("Although the First Step Act changed the amount of good time credit available, it did not give the courts the authority to award such credit. Thus, the First Step Act does not give the Court the authority to grant [the defendant] good time credits . . . ."). As the Seventh Circuit succinctly put the matter, "[t]he federal good time statute, 18 U.S.C. § 3624, makes it clear that it is the Bureau of Prisons, not the court, that determines whether a federal prisoner should receive good time credit." United States v. Evans, 1 F.3d 654, 654 (7th Cir. 1993) (per curiam).

Although the Government contends the BOP correctly calculated Defendant's good time credit, see (Doc. No. 175, p. 3), the Court makes no decision on the issue—the law is clear that the awarding of good time credits is left solely to the discretion of the BOP. Accordingly, Defendant's Motion to Reduce Sentence (Doc. No. 170) is DENIED.

### III. DEFENDANT'S MOTION FOR RESENTENCING

In his Motion for Resentencing (Doc. No. 171), Defendant requests the Court to resentence him pursuant to Amendments 782 and 788 of the Sentencing Guidelines. (Doc. No. 171, p. 1). The Government argues § 3582(c)(2) does not provide the Court the authority to reduce a sentence that has been fully served. (Doc. No. 176, p. 1).

Section 1B1.10(b)(2)(C) of the Sentencing Guidelines provides, in relevant part, that "[i]n no event may [a] reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). As the Fourth Circuit has observed, the "Guidelines policy statement specifically prohibits the court from imposing a sentence of less than time served, presumably to avoid creating banked time." United States v. Jackson, 952 F.3d 492, 499 (4th Cir. 2020). In other words, "a defendant is not entitled to a sentence that would

Case 5:94-cr-00011-FDW-DCK   Document 180   Filed 06/16/20   Page 4 of 9

result in banked time." Id.  In his Motion for Resentencing (Doc. No. 171), Defendant requests the Court to go back and reduce his original sentence from 1995, thereby giving him banked time he would ostensibly use towards his sentence for his supervised release violation.  See generally (Doc. No. 171).  In light of the clarity from both the Sentencing Guidelines and Fourth Circuit, doing so would not be permissible, as this would result in Defendant receiving a "term of imprisonment . . . less than the term of imprisonment the defendant has already served."  U.S.S.G. § 1B1.10(b)(2)(C).  Thus, Defendant's Motion for Resentencing (Doc. No. 171) is DENIED.

### IV. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his final motion pending before the Court, Defendant seeks early release from his sentence due to the COVID-19 novel coronavirus. (Doc. No. 174, p. 1).  The Government argues that Defendant's motion should be denied because (1) Defendant has failed to exhaust his administrative remedies with the BOP; (2) he has not established an extraordinary and compelling reason to warrant such a reduction, he still poses a significant danger to the safety of the community, and the § 3553(a) factors strongly weigh against his release; and (3) this Court has no authority to direct the Bureau of Prisons ("BOP") to place the defendant in home confinement. (Doc. No. 178, p. 1)

With regard to the COVID-19 argument raised in Defendant's April 24, 2020 filing, the Government argues that Defendant's COVID-19 argument is not properly before this Court because he has not exhausted his remedies before the BOP with regard to that argument.  Id. at 10-12.  Because the defendant has not exhausted his administrative remedies with BOP the Court has determined that the defendant is not entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
> >
> > (ii) The defendant is –

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

> > (I) suffering from a serious physical or medical condition,
>
> > (II) suffering from a serious functional or cognitive impairment, or
>
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

Even if Defendant had satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief based on the extraordinary or compelling circumstances under subsection (i). First, the defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to supporting his Motion pursuant to § 3582(c)(1)(A)(i). The defendant does not assert that he has a terminal or serious health condition or deterioration in physical or mental health due to aging or

7

Case 5:94-cr-00011-FDW-DCK   Document 180   Filed 06/16/20   Page 7 of 9

family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1; in fact, he asserts no medical conditions at all other than his age. (Doc. No. 174, p. 1-2). Nor does the defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See id.; see also U.S.S.G. § 1B1.13, application note 1(D). Defendant has therefore failed to make the required showing under § 3582(c)(1)(A)(i).

Finally, Defendant requests that the Court release him to home confinement under the CARES Act. However, BOP is presently reviewing whether to release him to home confinement because he is nearing the end of his sentence. (Doc. No. 178, p. 17). Further, the Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because the defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

For all of the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release and therefore his Motion for Compassionate Release/Reduction of

Sentence (Doc. No. 174) is DENIED.

V. **CONCLUSION**

For the foregoing reasons, Defendant's pro se Motion to Reduce Sentence (Doc. No. 170), pro se Motion for Resentencing (Doc. No. 171), and pro se Motion for Compassionate Release/Reduction of Sentence (Doc. No. 174) are DENIED.

IT IS SO ORDERED.

Signed: June 16, 2020

Frank D. Whitney
United States District Judge